UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                Case No. 8:02-CR-442-T-27MSS

FRANKLIN VARGAS
_____/

ORDER

**BEFORE THE COURT** is Defendant's Motion for a New Trial Grounded in Newly Discovered Evidence (Dkt. 177). Upon consideration, Defendant's motion is DENIED.

Defendant was charged in a two count Indictment with possession with intent to distribute 5 kilograms or more of cocaine, while onboard a vessel subject to the jurisdiction of the United States (Count One) and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (Count Two). (Dkt. 1). Defendant pleaded guilty to Count One of the Indictment pursuant to his plea agreement on March 13, 2004, before a Magistrate Judge. (Dkt. 83). On August 29, 2003, Defendant was sentenced to 144 months imprisonment to be followed by 60 months of supervised release.[1] Defendant did not appeal his judgment and sentence.

On August 9, 2004, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Case No. 8:04-CV-1831-T-27MSS; Dkt. 1). The Court denied that motion on September 6, 2005. Defendant appealed that judgment to the Eleventh Circuit Court of Appeals. The Court of Appeals dismissed the appeal on February 8, 2006.

"To succeed on a motion for new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover

---

[1] Defendant was subject to a mandatory minimum term of imprisonment of ten years to life. (Dkt. 57 at p.2).

the evidence was not due to lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result." *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir.2003); *see also Lynn v. United States*, 365 F.3d 1225, 1237 (11th Cir.2004). "[M]otions for a new trial are highly disfavored, and [the] district court should use 'great caution' in granting a new trial motion based on newly discovered evidence." *Jernigan*, 341 F.3d at 1287 (citations omitted). The Court may not grant a motion for new trial unless the defendant satisfies all five parts of the above standard. *United States v. Reed*, 887 F.2d 1398, 1404 (11th Cir.1989), *cert. denied*, 493 U.S. 1080 (1990). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." *United States v. Lee*, 68 F.3d 1267, 1274 (11th Cir.1995)(*citing United States v. Starrett*, 55 F.3d 1525 (11th Cir. 1995)).

Defendant has filed the instant Motion for a New Trial based upon what he claims is "newly discovered evidence." Defendant enumerates the "newly discovered evidence" as: (1) the "Bilateral Treaty between the Government of the Republic of Columbia, and the Government of the United States. TIAS, February 20, 1997[2]," (2) "Title 46 U.S.C. § 1903," (3) "Chapter II, Extradition, and International Cooperation," (4) the "Indictment," and (5) the "Plea Agreement." (Dkt. 177, pp. 3-4).[3]

Simply put, Defendant has not discovered any "new evidence" since his judgment and conviction. He attempts to now argue that the Court did not have jurisdiction over Defendant at the time he pleaded guilty and that the Indictment was insufficient as it "failed to charge an offense." He further contends that the Court "mischaracterized" Title 46 U.S.C. § 1903. Defendant attempts

---

[2] Defendant acknowledges that the "Bilateral Agreement between the government of the Republic of Columbia and the Government of the United States, was entered into, and signed on February 20, 1997."

[3] Defendant acknowledges that the Indictment and Plea Agreement, "are not newly discovered evidence." (Dkt. 177, p. 4).

to reargue matters which were previously raised, and were denied, in his § 2255 motion. All of the "newly discovered evidence" that Defendant relies on are documents and/or statutes that were in place and available to him at the time he pleaded guilty.

As Defendant has failed to meet his burden of establishing the first two requirements, to wit, (1) that the evidence was discovered after trial, and (2) that his failure to discover the evidence was not due to a lack of diligence, it is not necessary for the Court to analyze all five requirements. *See Lynn v. United States, supra.* at 1237 (stating that it was unnecessary to analyze all five requirements as defendant's "new evidence" didn't meet the third requirement that the evidence not be merely cumulative or impeaching). Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for a New Trial Grounded in Newly Discovered Evidence (Dkt. 177) is DENIED.

**DONE AND ORDERED** in chambers this 29th day of August, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
U.S. Probation Office